# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | |
|---|---|
| **Carl Gene Thymes** | **Civil Action No. 6:18-0867** |
| **versus** | **Judge Unassigned** |
| **Sans Chevaux Investments, LLC, et al.** | **Magistrate Judge Whitehurst** |

## SUA SPONTE ORDER ON LACK OF SUBJECT MATTER JURISDICTION

This action was commenced on June 29, 2018 by the filing of a Complaint by *pro se* plaintiff Carl Gene Thymes, who requests various forms of relief from several, unrelated defendants for several, unrelated causes of action. After the original Complaint was filed in this Court, on or about September 11, 2018, Sans Chevaux Investments, Inc. ("SCI") filed an eviction proceeding against Mr. Thymes in the City Court of Lafayette, Parish of Lafayette, State of Louisiana, due to Mr. Thymes's failure to pay rent in accordance with a residential lease-purchase agreement between Mr. Thymes and SCI. Mr. Thymes was served with SCI's eviction lawsuit on or about September 12, 2018. The next day, on September 13, 2018, Mr. Thymes filed a Notice of Removal [Doc. 44], in which he removed the state court eviction proceeding into the instant lawsuit, alleging SCI breached the lease-purchase agreement. On September 19, 2018, SCI filed a Motion to Remand [Doc. 46] the

plaintiff's claim against it on grounds this Court has no jurisdiction over the eviction proceeding. After review of the record, this Court finds dismissal of the claim alleged against SCI is required because this Court lacks subject matter jurisdiction over the claim, which is essentially an eviction proceeding.

Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, treaty, or the Constitution, they lack the power to adjudicate a claim. *See Johnson v. Credit Acceptance Corp.*, 2018 WL 2329786 (W.D. Tex. April 12, 2018), *citing Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Federal courts must therefore dismiss an action whenever it appears federal subject matter jurisdiction is lacking. *Johnson*, 2018 WL 2329786 *1, *citing Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). Accordingly, federal courts may sua sponte dismiss a complaint on subject matter jurisdiction grounds. Fed. R. Civ. P. 12(h)(3); *see also McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A] federal court may raise subject matter jurisdiction sua sponte"); *Zernial v. United States*, 714 F.2d 431, 433—34 (5th Cir. 1983) ("Sua sponte dismissal for lack of subject matter jurisdiction is, of course, proper at any stage of the proceedings."); *Abdalmatiyn v. Harrison*, 2013 WL 12126287, at *1 (N.D. Tex. May 24, 2013) ("A federal court has an independent duty, at any level of

the proceedings, to determine whether it properly has subject matter jurisdiction over a case."). A court must presume a suit lies outside of its limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), *citing Kokkonen*, 511 U.S. at 377.

For federal subject matter jurisdiction to exist, either (1) the plaintiff must allege a claim "arising under the Constitution, laws, or treaties of the United States" (commonly referred to as federal question jurisdiction), or (2) the matter in controversy must exceed $75,000 and the action must be between citizens of different states (commonly referred to as diversity jurisdiction). *See* 28 U.S.C. §§1331 & 1332.

In this case, subject matter jurisdiction does not exist for two reasons. First, the entire basis of SCI's lawsuit against Mr. Thymes is Mr. Thymes' failure to pay rent in accordance with a lease purchase agreement. SCI has not alleged any claim against Mr. Thymes "arising under the Constitution, laws, or treaties of the United States." Accordingly, SCI's claim does not arise under federal law.

Second, SCI and Mr. Thymes are not diverse in citizenship. Mr. Thymes is a citizen of Louisiana, and SCI is also a citizen of Louisiana, as its only member, Robert Leonard, is a citizen of Louisiana. Therefore, this Court lacks diversity

jurisdiction over the claim. Consequently, Mr. Thymes's removal of SCI's state court eviction proceeding was improper because this Court lacks subject matter jurisdiction over the claims between Mr. Thymes and SCI.

For the foregoing reasons, IT IS ORDERED that SCI's state court eviction proceeding which was removed into this pending action by plaintiff [Doc. 44] is hereby DISMISSED for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that SCI's Motion to Remand [Doc. 46] and SCI's Motion to Expedite Consideration of Motion to Remand [Doc. 50] are DENIED as MOOT.

**THUS DONE AND SIGNED** at Lafayette, Louisiana, this 25th day of September, 2018.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**