UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

CARL GENE THYMES                    CIVIL ACTION NO. 6:18-cv-00867

VERSUS                              JUDGE SUMMERHAYS

AT&T MOBILITY SERVICES, LLC,        MAGISTRATE JUDGE HANNA
ET AL.

## REPORT AND RECOMMENDATION

In accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court, this matter was referred to the undersigned Magistrate Judge for review, report, and recommendation concerning a *sua sponte* evaluation of the court's subject-matter jurisdiction. For the following reasons, it is recommended that the plaintiff's complaint should be dismissed without prejudice for lack of subject-matter jurisdiction.

## Background

The plaintiff filed this lawsuit, asserting claims against several defendants[1] and alleging that the court has both federal-question jurisdiction and diversity jurisdiction over this case.

---

[1]    While the plaintiff may have inappropriately accumulated unrelated claims in a single lawsuit, analysis of that issue is unnecessary because the court lacks subject-matter jurisdiction over all of the plaintiff's claims.

In his first cause of action, the plaintiff asserted claims against AT&T Mobility Services, LLC (incorrectly named in the complaint as "AT&T Mobility, LLC"). He alleged that during his employment with AT&T Mobility, he was subjected to a hostile work environment and racial discrimination that caused him to become ill and resign his position.

In his second cause of action, the plaintiff sued Sans Chevaux Investments, LLC. He alleged that Robert Leonard, the owner of Sans Chevaux, failed to provide him with a Louisiana Residential Property Disclosure Agreement form when he entered into a lease purchase agreement with regard to residential property. He further alleged that his air conditioner does not blow cold air, the house has termites, and the roof is damaged.

In his third cause of action, the plaintiff sued CIA/COINTELPRO, which is alleged to be a federal agency. He claimed that CIA/COINTELPRO is in default in a state court action, and he sought to have this court issue a judgment that acknowledges the earlier default and operates "to immediately stop" this defendant from harassing him.

In his fourth cause of action, the plaintiff sued L'Auberge Casino and Hotel, alleging that there was a delay in checking into his hotel room, the valet parking attendants could not locate his car, he was harassed while in his hotel room, he was followed by security personnel, he was not promptly served in a restaurant, and all

of this resulted in his losing $15,000 while gambling.  He alleged that the casino used hypnosis to deliberately keep him in the casino, causing him "to lose even more money."

In his amended complaint, the plaintiff asserted a claim against the United States Equal Employment Opportunity Commission, alleging that it violated its policies in handling the discrimination charge that he filed against AT&T Mobility.

## Law and Analysis

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute.[2]  Accordingly, federal courts have subject-matter jurisdiction only over civil actions presenting a federal question[3] and those in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states.[4]  A suit is presumed to lie outside a federal court's jurisdiction until the party invoking federal-court jurisdiction establishes otherwise.[5]

---

[2]     See, e.g., *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

[3]     28 U.S.C. § 1331.

[4]     28 U.S.C. § 1332.

[5]     *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

Absent subject-matter jurisdiction, a federal court has no power to adjudicate claims and must dismiss an action if subject-matter jurisdiction is lacking.[6]  "Federal courts, both trial and appellate, have a continuing obligation to examine the basis for their jurisdiction. The issue may be raised by parties, or by the court *sua sponte*, at any time."[7]  Rule 12(h)(3) of the Federal Rules of Civil Procedure states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  A district court may dismiss a case for lack of subject-matter jurisdiction on the basis of "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[8]

The party asserting federal jurisdiction has the burden of proving its existence by a preponderance of the evidence.[9]  Accordingly, the plaintiff must bear that

---

[6]    *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998); *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994).

[7]    *MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).  See, also, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n. 5 (5th Cir.2005) (A "federal court may raise subject matter jurisdiction sua sponte.").

[8]    *St. Tammany Parish v. FEMA*, 556 F.3d 307, 315 (5th Cir. 2009) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

[9]    *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir.2008); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

burden in this case.  He filed his lawsuit in this forum, and he expressly alleged that the court has both diversity jurisdiction and federal-question jurisdiction.

Mr. Thymes is proceeding in this lawsuit without the assistance of legal counsel.  A *pro se* litigant's pleadings are construed liberally[10] and held to "less stringent standards than formal pleadings drafted by lawyers."[11]  However, a *pro se* "plaintiff must prove, by a preponderance of the evidence, that the court has jurisdiction based on the complaint and evidence."[12]

## A.    **Diversity Jurisdiction**

A federal court may exercise "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000," and the parties are "citizens of different States."[13]  The diversity statute requires complete diversity of citizenship, meaning that all persons on one side of the controversy must not share the same citizenship as any person on the other side.[14]  "The burden of proving that

---

[10]     *Nerren v. Livingston Police Dept.*, 86 F.3d 469, 472 (5th Cir. 1996).

[11]     *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)).

[12]     *Dos Santos v. Belmere Ltd. Partnership*, 516 Fed. App'x 401, 402-03 (5th Cir. 2013) (citing *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995), and *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)).

[13]     28 U.S.C.A. § 1332.

[14]     *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Stiftung v. Plains Mktg., L.P.*, 603 F.3d 295, 297 (5th Cir. 2010); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008).

complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction."[15]    Mr. Thymes contended in his original and amended complaints that the court has diversity jurisdiction; therefore, he must bear the burden of establishing that the parties are diverse in citizenship and that the amount in controversy exceeds the jurisdictional threshold.

When jurisdiction depends on citizenship, citizenship must be distinctly and affirmatively alleged.[16]  In this case, Mr. Thymes did not set forth in his original complaint or in his amended complaint the facts necessary to establish the citizenship of the parties that he sued.  However, there is evidence in the record establishing that the parties are not diverse because the plaintiff and one of the defendants, Sans Chevaux Investments, LLC, are citizens of the same state.

The citizenship of a natural person is determined by the state in which he or she is domiciled.[17]  In his original and amended complaints, Mr. Thymes alleged that he is a citizen of Louisiana.  This representation is accepted as true.

From the use of the abbreviation "LLC" in its name, it appears that San Chevaux is a limited liability company.  A limited liability company is a citizen of

---

[15]    *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988).

[16]    *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d at 1259; *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975).

[17]    *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

every state in which any member of the company is a citizen,[18] and the citizenship

of an LLC is determined by the citizenship of all of its members.[19]  Therefore, the

diversity analysis for a limited liability company requires a determination of the

citizenship of every member of the company.[20]  If any one of the members is not

diverse, the limited liability company is not diverse.  Although the plaintiff did not

supply the information necessary to evaluate San Chevaux's citizenship in his

complaints, the record contains the necessary information.  In support of a motion

to dismiss that is currently pending (Rec. Doc. 83), San Chevaux represented that it

is a limited liability company with a single member, Robert Leonard, and further

represented that Mr. Leonard is a citizen of Louisiana.  This Court accepts the

representations made on behalf of San Chevaux as establishing that the company is

a Louisiana citizen.

---

[18]     See, *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008).

[19]     *Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, L.L.C.*, 757 F.3d 481, 483 (5th Cir. 2014); *Harvey v. Grey Wolf*, 542 F.3d at 1080.

[20]     See, *Harvey v. Grey Wolf*, 542 F.3d at 1080; *Grupo Dataflux v. Atlans Global Group, L.P.*, 541 U.S. 567, 585, n. 1 (2004) (noting that courts of appeal have held that the citizenship of each member of a limited liability company counts for diversity purposes); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990) (holding that the citizenship of an unincorporated entity or association is based upon the citizenship of all of its members).  See also *Wright v. JPMorgan Chase Bank, NA*, No. 09-cv-0482, 2009 WL 854644, at *1 (W.D. La. Mar. 26, 2009) ("If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be.")

Because the plaintiff and San Chevaux are citizens of the same state, the plaintiff and at least one defendant are citizens of the same state, and complete diversity does not exist. For that reason, it is not necessary to evaluate the citizenship of the other defendants or to determine whether the plaintiff has established a sufficient amount in controversy. This Court finds that the plaintiff did not satisfy his burden of establishing that the court has subject-matter jurisdiction under 28 U.S.C. § 1332. Accordingly, for the Court to have subject-matter jurisdiction over the plaintiff's claims, the Court must have federal-question jurisdiction.

**B.    <u>Federal-Question Jurisdiction</u>**

Federal courts possess original jurisdiction over civil actions arising under federal law.[21] "A suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution."[22] "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[23] In other words, federal-

---

[21]    28 U.S.C. § 1331.

[22]    *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

[23]    *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936)). See, also, *Elam v. Kansas City S. Ry. Co*., 635 F.3d 796, 803 (5th Cir. 2011) (per curiam).

question jurisdiction "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"[24]  Generally, a suit arises under federal law for purposes of establishing federal-question jurisdiction if there appears on the face of the complaint some substantial, disputed question of federal law.[25]  A *pro se* complaint must comply with the well-pleaded complaint rule,[26] which requires a federal question to appear on the face of the plaintiff's complaint.[27]

The plaintiff asserted an employment discrimination claim against AT&T Mobility.  Such claims are sometimes brought under federal law, but they are sometimes brought solely under state law.  Sometimes a plaintiff seeks relief for such claims under both state and federal law.  However, a federal issue is not necessarily raised when the claim involving the federal issue "can be supported by

---

[24]    *Borden v. Allstate Ins. Co*., 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

[25]    *Carpenter v. Wichita Falls Independent School Dist*., 44 F.3d 362, 366 (5th Cir. 1995).

[26]    See, e.g., *Vela v. Manning*, 469 Fed. App'x 319, 321 (5th Cir. 2012); *Lai v. Guller*, No. 3:18-CV-1121-B-BK, 2018 WL 6174220, at *2 (N.D. Tex. Nov. 7, 2018), report and recommendation adopted, 2018 WL 6172063 (N.D. Tex. Nov. 26, 2018); *McGee v. McGee*, No. 18-cv-0807, 2018 WL 3342060, at *2 (W.D. La. June 21, 2018), report and recommendation adopted 2018 WL 3341793 (W.D. La. July 6, 2018); *Allsbrook v. Osbourn*, No. 2018 WL 3041195, at *2 (W.D. La. Mar. 29, 2018), report and recommendation adopted, 2018 WL 3040018 (W.D. La. June 19, 2018).

[27]    *Elam v. Kansas City Southern Ry. Co*., 635 F.3d 796, 803 (5th Cir. 2011)) (per curiam).

alternative and independent theories of recovery, one based in state law and the other in federal law."[28]

In this case, the only indication that Mr. Thymes is seeking to recover against AT&T Mobility under federal law are the fact that he quoted 18 U.S.C. § 1331 in the body of his original and amended complaints and the fact that he checked the box for federal-question jurisdiction on the civil cover sheet that he filed along with his original complaint. Neither of those are sufficient to state a claim under federal law for purposes of the well-pleaded complaint rule. Therefore, this Court finds that the plaintiff failed to state a claim against AT&T Mobility that satisfies the requirements of the well-pleaded complaint rule. Therefore, the court lacks federal-question jurisdiction over Mr. Thymes's claim against AT&T Mobility.

Mr. Thymes's claim against Sans Chevaux appears to be grounded on Louisiana law, since he alleged that Sans Chevaux failed to provide him with a "Louisiana Residential Property Disclosure Agreement" form and stated that the form is required by Louisiana statutes cited in the original and amended complaints. There is no indication on the face of the original complaint or on the face of the amended complaint that Mr. Thymes is seeking to recover against San Chevaux

---

[28]    *McGee v. Veterans Land Board of Texas*, No. 3:17-CV-1423-B, 2018 WL 1640221, at *2 (N.D. Tex. Apr. 5, 2018); *Brewster v. Nationstar Mortg., LLC*, No. 3:13-CV-2807-M, 2013 WL 6501261, at *4 (N.D. Tex. Dec. 10, 2013).

under a federal statute nor is there any indication that the resolution of a substantial, actually disputed federal issue is necessary to resolving the claim.[29]  Accordingly, this Court finds that Mr. Thymes failed to establish that the court has federal-question jurisdiction over his claim against Sans Chevaux.

Mr. Thymes's claim against L'Auberge also seems to be grounded solely upon state law.  He did not identify a federal statute or Constitutional provision under which he seeks to recover, nor did he identify a substantial, actually disputed federal issue that is resolution to any state law claim that might be available to him in light of the facts alleged.  Accordingly, this Court finds that Mr. Thymes failed to establish that the court has federal-question jurisdiction over his claim against L'Auberge.

The claim against CIA/COINTELPRO that Mr. Thymes articulated in his original complaint sought to have this court issue a default judgment against that alleged agency because it had previously been found in default in a state court lawsuit.  In the amended complaint, Mr. Thymes seems to have articulated a claim against CIA/COINTELPRO for "harassing, [d]iscriminating[,] and plain hatred of

---

[29]      Federal-question jurisdiction is most frequently invoked when the federal law creates the cause of action.  *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).  However, federal-question jurisdiction has also been found in some state-law claims that present significant federal issues.  In that situation, a court should consider four factors to determine whether federal-question jurisdiction exists: "(1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities."  All four factors must be met for there to be federal-question jurisdiction.  See *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008).

Plaintiff."[30]  Mr. Thymes did not identify a federal statute or Constitutional provision under which he might be entitled to recover, nor did he identify a substantive and actually disputed issue of federal law necessary for the resolution of a state law claim.  In fact, he identified no legal basis under which he might recover with regard to this claim.  However, he did sue what is alleged to be an agency of the federal government.

In his amended complaint, Mr. Thymes asserted a claim against the EEOC, alleging that it failed to follow its own policies concerning the claim he filed against that agency about his employment with AT&T Mobility.  As with his claim against CIA/COINTELPRO, Mr. Thymes did not identify a federal statute or Constitutional provision under which he might be entitled to recover, nor did he identify a substantive and actually disputed issue of federal law necessary for the resolution of a state law claim.  In fact, he identified no legal basis under which he might recover with regard to this claim.  However, he did sue an agency of the federal government.

It is a basic tenet of constitutional law that the United States is immune from suit except to the extent that it has consented to be sued in a Congressional act.[31] "Sovereign immunity is a jurisdictional defense.  Without a waiver of sovereign

---

[30]     Rec. Doc. 12 at 6.

[31]     *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *St. Tammany Parish v. FEMA*, 556 F.3d at 316.

immunity, the court lacks subject-matter jurisdiction to hear a suit against the United States."[32]  A party who sues the United States or one of its agencies has the burden of pointing to a congressional act that gives consent for such a suit by showing Congress's unequivocal waiver of sovereign immunity.[33]  In this case, the plaintiff has not satisfied this burden because he failed to identify a statute that waives sovereign immunity and permits a lawsuit against CIA/COINTELPRO or against the EEOC under the facts set forth in his original and amended complaints. Accordingly, this Court finds that the plaintiff failed to establish that the court has federal-question jurisdiction over the plaintiff's claims against CIA/COINTELPRO and the EEOC.

This Court concludes that the plaintiff's original and amended complaints fail to establish that the court has subject-matter jurisdiction over his claims – either based on diversity of citizenship or based on a federal question.  Absent subject-matter jurisdiction, a federal district court can take no action except dismissing the action and denying any pending motions as moot.[34]

---

[32]     *Alexander v. Trump*, No. 17-1081, 2018 WL 1976478, at *3 (W.D. La., Apr. 12, 2018) (citing *Ecker v. United States*, 358 Fed. App'x. 551, 552-53 (5th Cir. 2009)).

[33]     *Spotts v. United States*, 613 F.3d 559, 568 (5th Cir. 2010); *St. Tammany Parish v. FEMA*, 556 F.3d at 315 n. 3.

[34]     *Ruhrgas AG v. Marathon Oil Co*., 526 U.S. 574 (1999) (quoting *Ex parte McCardle*, 7 Wall. 506, 514, 19 L.Ed.264 (1868) ("[w]ithout jurisdiction the court cannot proceed at all in any cause."); *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011) ("The district court must dismiss the action if it finds that it lacks subject matter jurisdiction.").  See, also, e.g., *Williams v. Liberty Mutual Ins. Co*., No. 04–30768, 2005 WL 776170, at *3 (5th Cir.

## Conclusion

Complete diversity of citizenship is lacking; consequently, the plaintiff failed to establish diversity jurisdiction.  Additionally, the plaintiff failed to plead a federal question with regard to any of his causes of action, and he failed to identify a waiver of sovereign immunity by the government agency defendants; consequently, the plaintiff failed to establish federal-question jurisdiction.  The court therefore lacks subject-matter jurisdiction.  A court's dismissal of a plaintiff's case because the court lacks subject-matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction.[35]  Accordingly,

IT IS RECOMMENDED that the plaintiff's complaint be DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction and that all pending motions[36] be denied as moot.

---

Apr. 7, 2005) (a court without jurisdiction cannot enter a default judgment); *Heaton v. Monogram Credit Card Bank of Georgia*, 231 F.3d 994,1000 (5th Cir. 2000) (lacking subject-matter jurisdiction, the district court erred in granting a motion for voluntary dismissal with prejudice); *Bacani v. Dep't of Veterans Affairs*, 216 F.3d 1080, 1080 (5th Cir. 2000) (because the district court lacked subject-matter jurisdiction, it did not err in denying pending motions as moot).

[35]     *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. Pasadena*, 561 F.2d 606, 608 (5th Cir.1977) (per curiam)).

[36]     These are AT&T Mobility's motion for misjoinder and to sever (Rec. Doc. 31), L'Auberge's motion to dismiss (Rec. Doc. 52), the motion to dismiss that was filed by the United States on behalf of the EEOC and the CIA (Rec. Doc. 58), Sans Chevaux's motion to dismiss (Rec. Doc. 83), Mr. Thymes's motion to amend (Rec. Doc. 85), and Mr. Thymes's motion for reconsideration (Rec. Doc. 94).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 4th  day of December 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE